IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SANDRA LEE LICCIARDELLO, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CJ-2012-00229 ) |
| CARL E. REICHEL, an individual, and STATE FARM INSURANCE COMPANY, a Corporation, | ) ) ) ) Judge Mary F. Fitzgerald |
| Defendants. | ) ) ) |

DISTRICT COURT
**FILED**

FEB 2 4 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## AMENDED PETITION

COMES NOW Plaintiff, SANDRA LEE LICCIARDELLO, (heretofore "Plaintiff") an individual, by and through her undersigned counsel of record, Lee I. Levinson, Terence P. Brennan, and Trevor R. Henson of the law firm LEVINSON, SMITH & HUFFMAN, P.C., and for her cause of action against Defendants, CARL E. REICHEL (heretofore "Defendant Reichel"), and STATE FARM INSURANCE COMPANY (heretofore "Defendant State Farm"), a corporation, hereby alleges and states as follows:

1. Plaintiff realleges paragraphs one (1) through nine (9) of the original Petition in this case as if realleged in their entirety.

2. That jurisdiction and venue of this action is proper in this Court based on the following facts:

    a. Plaintiff is a resident of Tulsa County, Oklahoma.

    b. Defendant, State Farm Insurance Company, is a corporation doing business in Tulsa County, Oklahoma.

    c. Defendant, Carl Reichel, is a resident of Osage County, Oklahoma.



EXHIBIT

    d. Events giving rise to this cause of action occurred wholly in Tulsa County, Oklahoma.

3. The action is brought for actual, consequential and punitive damages due to Defendant State Farm's acts and/or omissions related to the failure to pay Plaintiff's valid claim for benefits under an Underinsured Motorist policy (heretofore "UM policy").

4. Plaintiff was covered at the time of the accident by a UM policy with Defendant State Farm.

5. The Plaintiff's purpose for purchasing said UM Policy was to provide Plaintiff additional coverage for financial loss caused by damages to Plaintiff's person or personal property in the event of an accident with someone who was found at fault and either has no insurance or insufficient insurance.

6. The UM Policy No. is 129884636 and is attached hereto as **Exhibit 1**.

7. The UM Policy provides $100,000 limits per person, with $300,000.00 limits per accident on Plaintiff's Ford F-350 pickup truck.

8. At all times relevant hereto, the UM policy was effective.

9. Plaintiff has paid all premiums due and has performed all other conditions required under the UM policy.

10. At all times relevant hereto, the Plaintiff believed that she was covered by the UM policy for the type of losses it covered.

11. On or about February 5, 2010, Plaintiff was driving her automobile southbound on Highway 75 at or near the junction of the Creek Turnpike. At the same time, Defendant Reichel, was driving his automobile on the same street in the same direction as Plaintiff and a short distance behind Plaintiff's car. Plaintiff stopped due to stopped traffic directly in front of her. Defendant Reichel negligently crashed into the back of Plaintiff's vehicle while still traveling at a considerable rate of speed.

12. As a result of the collision, Plaintiff suffered damages to Plaintiff's car and pain and injury to Plaintiff's body for which Plaintiff has incurred expenses for medical care and hospitalization. Plaintiff has suffered temporary and permanent physical impairment, which has prevented her from being able to effectively pursue her job as a realtor, resulting in lost wages. Furthermore, Plaintiff's injuries led to a loss of consortium and a general lowering of her standard of living.

13. On July 20, 2012, Plaintiff notified Defendant State Farm of the tentative settlement amount from Defendant Reichel's insurance provider, USAA, for the limit of his liability policy.

14. Defendant Reichel's settlement amount does not cover the damages suffered by Plaintiff.

15. On August 10, 2012, Defendant State Farm notified Plaintiff that they would waive their subrogation interest in this matter and would not pursue the responsible party for any potential payment made under Plaintiff's UM coverage.

16. On August 17, 2012, Plaintiff contacted Defendant State Farm to demand settlement of Plaintiff's UM Policy.

17. On June 28, 2013, Defendant State Farm contacted Plaintiff regarding Plaintiff's pending UM Policy claim. Defendant State Farm informed Plaintiff that upon evaluation of the information provided by Plaintiff, Defendant State Farm subsequently offered an amount as payment under the UM Policy that was insufficient to cover Plaintiff's damages.

18. On August 6, 2013, Plaintiff rejected Defendant State Farm's offer and requested Defendant State Farm provide a more reasonable offer as settlement under the UM policy.

19. Defendant Reichel's insurance provider USAA has reached a settlement agreement with Plaintiff for the limits of Mr. Reichel's Policy.

## COUNT 1

### BREACH OF CONTRACT

20. Plaintiff adopts and incorporates by reference paragraphs 1 through 19 of the Petition as set forth in full.

21. Plaintiffs UM Policy provides for coverage of liability up to $100,000.00.

22. This policy provides for payment of any and all medical services, "necessary to achieve maximum medical improvement for the bodily injury."

23. Plaintiff's UM Policy provides for coverage when, "the bodily injury liability limits are less than the amount of the claim of the person or persons making claim;" such are the circumstances in the case at bar.

24. The insuring agreement provides, "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle." The injury must be "1. Sustained by an insured; and 2. Caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle."

25. All injuries were caused by the UM policy's definition of an uninsured motorist.

26. The Plaintiff has been injured.

27. The Defendant State Farm has failed to provide payment for the necessary medical procedures which Plaintiff needs to reach maximum medical improvement.

28. Plaintiff has complied with all the necessary requirements as set out in the Policy prior to filing this action.

29. The settlement between USAA and Carl Reichel is still valid and in place but cannot be completed prior to the completion of the issues with State Farm due to the amount of outstanding medical bills.

WHEREFORE, Plaintiff, SANDRA LEE LICCIARDELLO, hereby prays that this Court will enter judgment against the Defendant, and STATE FARM INSURANCE COMPANY, for Plaintiff's injuries, loss of wages, medical bills, and pain and suffering, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), plus interest, costs including reasonable attorneys' fee, and any other expenses deemed just and proper in this matter.

Respectfully submitted,

Lee I. Levinson, OBA #5395
Terence P. Brennan, OBA #10036
Trevor R. Henson, OBA #30104
LEVINSON, SMITH & HUFFMAN, P.C.
1743 East 71st Street
Tulsa, OK 74136-5108
918.492.4433 – Tel
918.492.6224 – Fax
**ATTORNEYS FOR PLAINTIFF**